1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DANIEL R. SIMS,

                           Plaintiff,

    v.

MICHAEL J. ASTRUE, Commissioner of
Social Security Administration,

                    Defendant.

CASE NO.  C09-5428RBL

REPORT AND RECOMMENDATION

 Noted for May 21, 2010

       This matter has been referred to Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Magistrates Rule MJR 4(a)(4) and as authorized by Mathews, Secretary of  H.E.W. v. Weber, 423 U.S. 261 (1976).  This matter has been briefed, and after reviewing the record, the undersigned remanding the matter to the administration for further consideration.

## FACTUAL AND PROCEDURAL HISTORY

       Because the ALJ failed to properly consider Dr. Carter's opinion and three evaluations, the matter should be remanded to the administration for further consideration.

REPORT AND RECOMMENDATION - 1

Plaintiff, Daniel Sims, was born in 1986.  Tr. 126.  At the administrative hearing he testified that he was 22 years old and had completed the tenth grade.  Tr. 362-63.  He testified that he lives alone, and is not very good with math.  Tr. 364.  He has work experience as a grocery bagger , but this was for only two weeks.  He quit the job, reporting that it "was slow and boring so I quit."  Tr. 338.  He testified that he worked from February through August 2005 on a survey crew.  Tr. 365.  He quit that job because he was having anxiety attacks and the work was too stressful and too strenuous for him.  Tr. 366.  Plaintiff has reported a strong desire not to work unrelated to his impairments.  Tr. 266, 268.

Plaintiff filed applications for Social Security disability and supplemental income benefits on August 30, 2005, alleging that he has been disabled since January 1, 1994.  Tr. 340-45.  His application was denied and he filed a hearing request for an administrative hearing before an administrative law judge (ALJ).  Tr. 358-82.  On July 28, 2008, the ALJ issued a decision in which he found that plaintiff is not disabled.  Tr. 18-29.  The ALJ specifically found plaintiff retained the ability to perform a reduced range of medium work.  Tr. 28.  Due to mental limitations or restrictions, the ALJ found plaintiff could perform work as a room cleaner, hand packager, or warehouse worker.  Id.  Plaintiff requested review of the ALJ's decision by the Administration's Appeals Council which, on May 27, 2009, denied his request for review, leaving the decision of the ALJ as the final administrative decision.  Tr. 6-9.

The matter is now before the court to review the ALJ's decision.  Plaintiff raises the following five claims:

1.  Whether the ALJ properly evaluated the medical source opinions from examining physician, Jamie Carter, Ph.D.;

2.  Whether the ALJ properly considered Listing 12.04C;

REPORT AND RECOMMENDATION - 2

3.   Whether the ALJ properly assessed the credibility of Plaintiff's subjective complaints by considering testimonial evidence, Plaintiff's activities, the medical evidence, including evidence of failure to follow through with recommended treatment, and relatively normal activities of daily living and social functioning;

4.   Whether the ALJ was required to further address lay witness testimony from plaintiff's mother and sister where it was accepted in part and rejected in part for germane reasons; and

5.   Whether the ALJ properly assessed Plaintiff's residual functional capacity and presented a complete vocational hypothetical to the vocational expert.

## DISCUSSION

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole.  Bayliss v. Barnhart, 427 F.3d 1211, 1214 (9th Cir. 2005).  "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971); Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir. 1989).  The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist.  Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995).  While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner.  Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002).  When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld.  Id.

REPORT AND RECOMMENDATION - 3

Plaintiff bears the burden of proving that he or she is disabled within the meaning of the Social Security Act (the "Act").  Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir. 1999).  The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment that has lasted, or is expected to last, for a continuous period of not less than twelve months.  42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A).  Plaintiff is disabled under the Act only if his impairments are of such severity that he is unable to do his previous work, and cannot, considering his age, education, and work experience, engage in any other substantial gainful activity existing in the national economy.  42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B); Tackett v. Apfel, 180 F.3d 1094, 1098-99 (9th  Cir. 1999).

### The ALJ Improperly Rejected The Medical Opinion And Evaluations Provided By Dr. Carter

The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence.  Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998).  Where the medical evidence in the record is not conclusive, "questions of credibility and resolution of conflicts" are solely the functions of the ALJ.  Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1982).  In such cases, "the ALJ's conclusion must be upheld."  Morgan v. Commissioner of the Social Security Administration, 169 F.3d 595, 601 (9th Cir. 1999).  Determining whether inconsistencies in the medical evidence "are material (or are in fact inconsistencies at all) and whether certain factors are relevant to discount" the opinions of medical experts "falls within this responsibility."  Id. at 603.

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician.  Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996).  Even when a treating or examining physician's opinion is contradicted, that opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in

REPORT AND RECOMMENDATION - 4

3c

1   the record." Id. at 830-31.  However, the ALJ "need not discuss all evidence presented" to him or

2   her. Vincent on Behalf of Vincent v. Heckler, 739 F.3d 1393, 1394-95 (9th Cir. 1984) (citation

3   omitted).  The ALJ must only explain why "significant probative evidence has been rejected."

4   Id.; see also Cotter v. Harris, 642 F.2d 700, 706-07 (3d Cir. 1981); Garfield v. Schweiker, 732

5   F.2d 605, 610 (7th Cir. 1984).

6          In general, more weight is given to a treating physician's opinion than to the opinions of

7   those who do not treat the claimant. Lester, 81 F.3d at 830.  On the other hand, an ALJ need not

8   accept the opinion of a treating physician, "if that opinion is brief, conclusory, and inadequately

9   supported by clinical findings" or "by the record as a whole." Batson v. Commissioner of Social

10  Security Administration, 359 F.3d 1190, 1195 (9th Cir.,2004); Thomas v. Barnhart, 278 F.3d

11  947, 957 (9th Cir. 2002); Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001).  An

12  examining physician's opinion is "entitled to greater weight than the opinion of a nonexamining

13  physician." Lester, 81 F.3d at 830-31.  A non-examining physician's opinion may constitute

14  substantial evidence if "it is consistent with other independent evidence in the record." Id. at

15  830-31; Tonapetyan, 242 F.3d at 1149.

16         Here, plaintiff argues the ALJ failed to provide sufficient reasons for rejecting and not

17  crediting Dr. Carter's opinion.  Plaintiff's Opening Brief at 11.  This court agrees.

18         Dr. Carter, an examining psychologist, evaluated plaintiff three different times.  In

19  August 2005, she diagnosed Sims with anxiety disorder and traits of schizotypal personality

20  disorder.  Tr. 169.  Dr. Carter opined that Sims was markedly impaired in his ability to relate

21  appropriately to co-workers and supervisors, interact appropriately in public contacts, and

22  respond appropriately to and tolerate the pressures and expectations of a normal work setting.

23  Tr. 170.  Dr. Carter wrote that plaintiff's "diagnosis is unclear. He reported a prior diagnosis of

REPORT AND RECOMMENDATION - 5

bipolar disorder, but his MMPI-2 results are more consistent with a possible paranoid or schizoaffective disorder."  Tr. 167.

A year later, on August 25, 2006, Dr. Carter wrote that plaintiff's diagnosis was still unclear.  Tr. 250.  She reported he had previously been receiving state welfare benefits, but that ended when he got a job.  Tr. 249.  Plaintiff reported being less depressed when he was around other people and he stated that his concentration was better than a year ago.  *Id*.

In an evaluation dated August 7, 2007, Dr. Carter diagnosed plaintiff with anxiety disorder and mood disorder.  Tr. 259.  Dr. Carter opined that plaintiff was markedly impaired in his ability to exercise judgment and make decisions and respond appropriately to and tolerate the pressures and expectations of a normal work setting.  Tr. 260.  Dr. Carter indicated that plaintiff's impairments were likely to remain at these levels for approximately 6 to 12 months.  Tr. 261.  Dr. Carted reported, "He is able to reason and to understand.  Memory and concentration were not impaired on MMSE."   Tr. 257.  However, plaintiff's "[a]daptation is likely to be affected by his impaired social interactions, his anxiety, and possibly by his mood."  Tr. 257.

The ALJ failed to provide specific and legitimate reasons supported by substantial evidence in the record to reject Dr. Carter's opinion and evaluations.  The ALJ wrote:

> The undersigned has also considered the opinion of Jamie E. Carter, Ph.D., who prepared three evaluations for the Washington Department of Social and Health Services (Exhibits 2F, 10F, 11F).  Dr. Carter did not perform psychological tests for these evaluations but completed check-box forms for the department indicating marked limitation in some categories.  These reports are given little weight because they are not consistent with the balance of the evidence.  In addition, because Dr. Carter's opinions were given for the purpose of continuing the claimant's state general assistance benefits, they can be interpreted as advocacy for disability on behalf of the claimant.

Tr. 27

REPORT AND RECOMMENDATION - 6

1    After reviewing the record, it does not appear the ALJ reviewed the detailed narrative

2  statements/addendums Dr. Carter submitted along with each of her psychological evaluation

3  forms.  For instance, in direct contrast to the ALJ's assertion that Dr. Carter did not perform

4  psychological testing to support her opinion, the record clearly indicates, as noted above, Dr.

5  Carter administered and relied upon both mental status examination and MMPI testing to

6  formulate her diagnosis and opinion.  Tr. 167-68; 250; 257.  Moreover, the addendums

7  accompanied the check-box forms and evaluations, and thus the ALJ erroneously discounted the

8  forms for being conclusory.  The narratives written by Dr. Carter are detailed and fully explain

9  her ratings provided on the DSHS forms.  Finally, the ALJ discounts Dr. Carter as an advocate

10  for plaintiff, but provides no evidence to support this argument or basis.  Unless actual evidence

11  of impropriety shows otherwise, the purpose for which a medical report is obtained does not

12  provide a legitimate basis for rejecting them.  Lester v. Chater, 81 F.3d 821, 832 (9th Cir. 1995).

13    In sum, the court must find the ALJ improperly rejected Dr. Carter's medical opinion and

14  reports.  In light of this finding, this court also finds the ALJ erred in his evaluation of plaintiff's

15  the credibility, the lay witness evidence, and plaintiff's  residual functional capacity, as each of

16  these findings are affected by the ALJ's erroneous evaluation of the medical evidence.  On

17  remand the medical evidence should be reviewed in its entirety and the administration should

18  reconsider steps-two through five of the administrative process.

### CONCLUSION

    Based on the foregoing discussion, the Court should remand the matter to the

administration for further consideration consistent with this report and recommendation.  Also, if

plaintiff subsequently seeks an award of costs and fees as a prevailing party, the Court should

REPORT AND RECOMMENDATION - 7

1  review the file and consider directing plaintiff to pay the filing fee which was earlier waived in

2  accordance with Local Civil Rule Cr 3(b).

3      Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure ("Fed. R. Civ. P.")

4  72(b), the parties shall have fourteen (14) days from service of this Report and Recommendation

5  to file written objections thereto. *See also* Fed. R. Civ. P. 6.  Failure to file objections will result

6  in a waiver of those objections for purposes of appeal.  <u>Thomas v. Arn</u>, 474 U.S. 140 (1985).

7  Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed set this

8  matter for consideration on May 21, 2010, as noted in the caption.

9      Dated this 26th day of April, 2010.

10

11

12

13  J. Richard Creatura
    United States Magistrate Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

REPORT AND RECOMMENDATION - 8